UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE AINSWORTH, an individual,,

    Plaintiff,

v.                                        Case No: 8:17-cv-2206-T-17JSS

CITIBANK, N.A., a national association,,

    Defendant.

_____

## ORDER

Before the Court is the Motion to Compel Arbitration (Doc. No. 10) (the "**Motion**") filed by the Defendant, Citibank. After considering additional briefing in support and in opposition to the motion[1], the Motion is **GRANTED**.

### I.   Issues and conclusion

Just a few days ago, the Supreme Court reaffirmed that federal statute requires the Court to enforce arbitration agreements. *Epic Sys. Corp. v. Lewis*, 584 U.S. ____ (2018).[2] The Court must determine whether the parties agreed to arbitrate the dispute, and whether legal constraints external to the parties' agreement foreclosed arbitration. *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004). While there is a strong federal policy in favor of arbitration, the Court should not compel parties to engage in arbitration when the parties have not agreed to do so. *Scott v. EFN Investments, LLC*, 312 F. App'x 254, 256 (11th Cir. 2009) (unreported). Ultimately, the Court concludes

---

[1] Including the Response in Opposition (Doc. No. 12), Reply to Response (Doc. No. 17), Sur-reply (Doc. No. 21) and Supplemental Authority (Doc. No. 22).
[2] As *Lewis* was potentially a game-changing case for the law surrounding the Federal Arbitration Act, the Court waited to issue ruling until the Supreme Court's decision was announced.

that the parties agreed to arbitrate this dispute, and that no legal constraints external to the parties' agreement forecloses arbitration. Hence, the Court grants the Motion.

## II. The parties' positions

Citibank argues that the Plaintiff's claims are subject to the Arbitration Agreement (Doc. No. 10-1) that governs his credit card account. *Motion*, Doc. No. 10 at 2. According to Citibank, the Arbitration Agreement authorizes Citibank to elect arbitration of any dispute between the parties. *Id.* Under South Dakota law, Citibank asserts, the agreement is enforceable, and encompasses the claims at issue. *Id.*

Mr. Ainsworth responds that Citibank failed to establish the existence of an arbitration provision because the credit card application did not show an intent to form a contract by implied means. *Response*, Doc. No. 14 at 4. Mr. Ainsworth further argues that Citibank's declaration failed to connect him to the exemplar credit card agreements, and that the declaration submitted by Citibank was insufficient to compel the arbitration of the dispute. *Response*, Doc. No. 14 at 8, 14.

The Court permitted Citibank and Mr. Ainsworth additional briefing on the matter. *See Docs. No.* 17, 21. The Court fully considered these additional documents in its decision.

## III. Analysis

Congress directs the Court to treat arbitration agreements as valid, irrevocable, and enforceable. 9 U.S.C. § 2. The Federal Arbitration Act established a liberal federal policy in favor of arbitration agreements. *Lewis*, 584 U.S. at 5. Arbitration is a contractual matter, and the Court cannot require a party to submit to arbitration unless there is a prior agreement. *Kemiron Atl., Inc. v. Aguakem Int'l, Inc.*, 290 F.3d 1287, 1290 (11th Cir. 2002); *Lenkowski v. Citibank*, 8:16-cv-03472-CEH-AAS, Doc. No. 24 at 2.

The Court agrees that the Arbitration Agreement is valid and enforceable. The terms of the contractual arrangement between the parties indicate that federal law and South Dakota law govern the terms and enforcement of the contract. *Agreement*, Doc. No. 10-1 at 32.

The relevant South Dakota statute provides that the using an accepted "card or the issuance of a credit card agreement and the expiration of thirty days from the date of issuance without written notice from a card holder to cancel the account creates a binding contract between the card holder and the card issuer with reference to any accepted credit card." SDCL § 54-11-9. Here, the affidavit submitted in support of the motion, although rife with legal conclusions that are properly disregarded by the Court[3], is sufficient for the Court to determine that the Arbitration Agreement is effective. *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (holding that the Court should generally look to state law to determine whether an enforceable arbitration agreement exists, and providing law on the sufficiency of declarations and affidavits).

Clearly, the affidavit demonstrates that Mr. Ainsworth did not object to the changed arbitration agreement within thirty days. *Affidavit*, Doc. No. 10-1 at 4-5. The scope of the arbitration agreement encompasses this dispute. *Agreement*, Doc. No. 10-1 at 31, 40, 47. This case is akin to the situation faced by the esteemed district judge in *Lenkowsi*. In that case, the Court found that TCPA and FCCPA claims were within the scope of a similarly worded arbitration agreement. *Lenkowski*, Doc. No. 24 at 10. Furthermore, the district judge identified, like here, that under South Dakota law, a valid contract must

---

[3] Surely the Court is in the better position to determine whether a claim is subject to the arbitration agreement.

encompass an agreement between (1) parties capable of contract, (2) consent, (3) a lawful object, and (4) consideration. *Id.* at 3. Like *Lenkowski*, all of those elements are present in this case regarding the arbitration agreement. The *Lenkowsi* opinion also properly recognizes that "any doubts regarding the scope of arbitration should be resolved in favor of arbitration." *Id.* at 11. The district judge also found that claims such as the ones in this case are not precluded by federal statute. *Id.*

The Court notes that Mr. Ainsworth has raised strenuous objection to the use of the declaration. The Court has reviewed these arguments in light of the cases cited in the briefing, and finds that the declaration is sufficient and has indicia of reliability that permit the Court to consider the declaration. All arguments regarding the declaration are denied. The information contained in the declaration is within the personal knowledge of the affiant. Finally, the Court finds that no legal constraints external to the parties' agreement forecloses arbitration.

## IV.  Conclusion

The Motion is **GRANTED**. The case is stayed pending resolution of the arbitration. The parties shall file a joint notice with the Court every 180 days regarding the status of the case. The Clerk shall administratively close the case and terminate any pending motions.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 1st day of June, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record